UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MARK HARPER, as Administrator of
the Estate of Merle M. Harper,**

                      Plaintiff,         11-CV-0687S(Sr)

v.

**UNITED STATES OF AMERICA,**         **AMENDED
CASE MANAGEMENT ORDER**

                      Defendant.

---

        Pursuant to the Order of the **Hon. William M. Skretny** referring this case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.1(a) and Proposed Rule 16.2 of the Local Rules of Civil Procedure for the Western District of New York, it is **ORDERED** that the Case Management Order is amended as follows:

        1.    In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

        2.    Motions to opt out of ADR shall be filed no later than **November 18, 2011**.

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

3. Compliance with the mandatory requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure will be accomplished no later than **December 2, 2011.**

4. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than **December 2, 2011.**

5. All motions to join other parties and to amend the pleadings shall be filed no later than **December 9, 2011.**

6. The initial mediation session shall be held no later than **January 20, 2012.**

7. All fact depositions shall be completed no later than **July 27, 2012.**

8. Plaintiff shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **August 17, 2012**. Defendant shall identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **September 7, 2012.**

9. All expert depositions shall be completed no later than **October 19, 2012.**

10. All applications to resolve discovery disputes shall be filed no later than 30 days before the discovery completion date.  In the event of a bonafide discovery dispute that cannot be resolved by counsels' good faith efforts (*see generally* Local Rule 37), the parties shall submit, by joint letter, signed by all counsel, a statement of the issue(s) to be resolved by the Court.  Each party, within five business days thereafter, shall submit by letter a statement of facts and law it wishes the Court to consider.  The Court reserves the right to request full briefing by the parties, in which case the Court will so advise the parties.

11. All discovery in this case shall be completed no later than **November 2, 2012**.

12. Dispositive motions shall be filed by all parties no later than **December 14, 2012**.  *See generally* Local Rule 7.1(c); 56.  Such motions shall be made returnable before Judge Skretny unless the referral order grants the Magistrate Judge authority to hear and report upon dispositive motions.  The parties are directed to provide a courtesy copy of all motion papers to the Judge who will be hearing the motion.

13. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until **December 28, 2012**.  The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

14. In the event that no dispositive motions are filed, the parties shall appear for a status conference before the Hon. H. Kenneth Schroeder, Jr. on **January 8, 2013 at 10:00 a.m.**

15. Adjournments: The dates in this scheduling order may not be extended by agreement of counsel.  Pursuant to Judge Skretny's Guide to Civil Practice, extensions may be granted, for good cause shown, only upon motion to Judge Skretny, or if the Magistrate Judge has dispositive motion jurisdiction in the case, before the Magistrate Judge.  See Guide to Civil Practice, II(A)(2).

16. Counsel are directed to refer to Judge Skretny's Guide to Civil Practice for additional guidelines.

17. Sanctions: Counsel's attention is directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

**SO ORDERED.**

DATED:   Buffalo, New York
         May 21, 2012

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**